**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**THUAN MINH PHAM,**

        **Petitioner,**

**v.**                                                                                    **Civil Action No. 5:18cv33
(Judge Stamp)**

**WARDEN ENTZEL,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On February 26, 2018, the *pro se* Petitioner, Thuan Minh Pham, an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. On March 1, 2018, the Petitioner paid the $5 filing fee.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

---

[1] This information is taken from Petitioner's criminal docket in the United States District Court for the Northern District of Texas, No. 4:05-cr-056 available on PACER. Unless otherwise noted, the ECF referrals are to his criminal docket. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.")

On June 3, 2005, Petitioner pleaded guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a) and (b)(1)(C), and one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1)(C) and 18 U.S.C. § 2. On September 27, 2005, the district court sentenced Petitioner to 188 months of imprisonment and a three-year term, of supervised release. ECF No. 117. Petitioner did not file a notice of appeal from the judgment of sentence.

On February 6, 2012, Petitioner filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 152], which the court denied on February 22, 2012. ECF No. 153.  On April 20, 2012, Petitioner filed a motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel as the basis for relief. ECF No. 155. More specifically, Petitioner argued that his counsel failed to object to alleged errors in the presentence report and failed to inform him that the court improperly relied on these alleged errors in determining his sentence.  Petitioner filed a second motion under 18 U.S.C. § 3582(c)(2) raising the same grounds for relief as asserted in the motion filed on February 6, 2012. Accordingly, the second motion was denied for the same reasons outlined in the court's order of February 22, 2012. ECF No. 157. On June 12, 2012, the district court denied Petitioner's § 2255 as untimely. 4:12-cv-00241-A (ECF No. 4).

On March 22, 2013, Petitioner filed a second motion to vacate under 28 U.S.C. § 2255. As grounds for relief, Petitioner complained that the court imposed an illegal sentence through misapplication of the sentencing guidelines. The district court concluded that was the same claim raised in his first motion under § 2255. Therefore,

2

the district court dismissed the March 22, 2013, petition as second or successive on March 25, 2013. ECF No. 4.

On February 29, 2016, Petitioner filed a Motion for Authorization to File a Second or Successive Motion to Vacate under 28 U.S.C. § 2255. ECF No. 175.  On March 1, 2016, an order was entered transferring the motion to the United States Court of Appeals for the Fifth Circuit.  Petitioner alleged that he did not have the prerequisite number of prior convictions to qualify for a career offender enhancement.  The motion was denied on May 18, 2016. 16-10224 (5th Cir.). On June 14, 2016, Petitioner filed another Motion for Authorization to File a Second or Successive Motion to Vacate. Petitioner relied on the Johnson decision and subsequent Welch decision to support his claim that the district court improperly utilized an enumerated offense of robbery to sentence him as a career offender under §4B1.2 of the sentencing guidelines. Petitioner's motion was denied on June 27, 2016. 16-10775 (5th Cir.).

### III. Petitioner's Claims

The Petitioner claims that his petition concerns his sentence, specifically his designation as a career offender.  ECF No. 1 at 5.   The Petitioner argues that his three convictions for aggravated robbery in the State of Texas should not have been counted as separate offenses because there was no intervening arrest. Accordingly, the Petitioner argues that he is entitled to be resentenced without the career offender enhancement and relies on Mathis v. United States[2], 136 S.Ct. 2243 (2016) to support his argument.

---

[2] In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than  that encompassed by federal

The Petitioner further alleges that he currently has an ICE detainer and is under the Public Safety Factor as a deportable alien. The Petitioner elaborates that he has been detained by Homeland Security since December 15, 2016, based on probable cause that he is a removable alien based upon a final order of removal against him. As additional relief, the Petitioner requests that this court order the Department of Homeland Security to remove the detainer and order the Bureau of Prisons to remove it from his custody classification.

### III. Legal Standard

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.    Pro Se Litigants.

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent

---

generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C.   Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation

bar,[3] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction."  United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), reh'g en banc denied June 11, 2018 (quoting Brown v. Caraway, 719

---

[3]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;

    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

F.3d 583, 588 (7th Cir. 2013)).   In <u>Wheeler</u>, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and <u>Jones</u> is applicable to fundamental sentencing errors, as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, <u>supra</u>, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in <u>Wheeler</u>.  <u>Id.</u>

### IV. Analysis

#### A.  SENTENCE

Petitioner appears to allege that his sentence was improperly enhanced by the sentencing court.  This claim does not relate to the execution of sentence or calculation of sentence by the BOP.  Instead, it relates to the validity of Petitioner's sentence imposed in the Northern District of Texas.  Such claims are properly contested either on

direct appeal or in a § 2255 proceeding, and thus the instant petition is an attempt to obtain relief available under § 2255 and should be treated as such.[4]

Although Petitioner asserts that he is entitled to relief under the savings clause, he is not entitled to its application.  Because Petitioner is not contesting his conviction,[5] the <u>Jones</u> standard does not apply to his petition for relief.   Instead, the Court must review the petition which contests the imposed sentence under the four-part <u>Wheeler</u> test.   The Petitioner cannot meet the second element of the test because he cites no case in support of his allegation regarding his three underlying convictions which has been deemed to apply retroactively to cases on collateral review.[6]  Contrary to the Petitioner's argument, district courts in this Circuit and elsewhere have held that <u>Mathis</u> does not represent a substantive change in the law. <u>See, e.g.</u>, <u>Stewart v. United States</u>, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (recognizing that <u>Mathis</u> did not announce a new substantive rule applicable to cases on collateral review); <u>Dimott v. United States</u>, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was

---

[4]  The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here.

[5]  Petitioner does not allege that he is innocent of the crimes for which he was convicted, rather, he only challenges the sentence imposed by the Court.

[6]  The undersigned notes that in a previous § 2241 petition, the Petitioner also alleged that he did not have the prerequisite number of prior convictions to qualify for a career offender enhancement. In that petition, he again relied on <u>Mathis</u>, as well as <u>Descamps v. United States</u>, 136 S.Ct. 2276 (2013) and <u>United States v. Hinkle</u>, 832 F.3d 569 (5th Cir. 2016) for the proposition that his prior state convictions for aggravated robbery in the state of Texas could not be used to establish him as a career offender. Although that petition was dismissed before <u>Wheeler</u> was decided, they would not help him meet the "new savings clause test for erroneous sentences" established by the Fourth Circuit. As noted above, <u>Mathis</u> does not satisfy the <u>Wheeler</u> test. Likewise, <u>Descamps</u> does not apply retroactively in this Circuit. <u>See</u>, <u>e.g.</u>, <u>Stewart v. United States</u>, No. Elh-17-1408. 2017 W.L. 2361809, at *5  (D.Md. May 31, 2017) (§ 2255 case collecting cases holding that neither <u>Descamps</u> nor <u>Mathis</u> is retroactive. Moreover, <u>Hinkle</u> is not binding on this court.

not breaking new ground in <u>Mathis</u> . . . ."); <u>Blackwell v. United States</u>, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, <u>Mathis</u> does not set a new rule.").

Rather than changing settled substantive law in <u>Mathis</u>, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were-just the facts, which ACCA (so we have held, over and over) does not care about.

136 S.Ct. at 2557. Put simply, <u>Mathis</u> sets forth a "procedural rule that has not been made retroactive on collateral review." <u>Fisher v. Rickard</u>, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018). <u>See also</u> <u>Walker v. Kassell</u>, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (<u>Mathis</u> has not been held retroactive applicable on collateral review, so Walker cannot proceed under §2241).

In summary, the Petitioner has failed to meet the second prong of the <u>Wheeler</u> test, and his claim regarding his sentence may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider that portion of the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

9

### B.  DETAINER AND PUBLIC SAFETY FCTOR

The Deportable Alien Public Safety Factor is applied to any inmate who is not a citizen of the United States. This Public Safety Factor is not removed unless the inmate becomes a United States citizen, or a specific decision is made not to deport the inmate.

The Petitioner is a citizen of Vietnam. Therefore, when the BOP Designation and Sentence Computation Center ("DSCC") prepared his initial security designation, the Deportable Alien Public Safety Factor was applied. On December 15, 2016, the United States Department of Homeland Security issued an Immigration Detainer for the Petitioner and asked the BOP to transfer him into the custody of the United States Immigration and Customs Enforcement ("ICE") after he completed his federal sentence. Among other things, the Petitioner's Public Safety Factor prevented him from entering the Residential Drug Addiction Program, required his incarceration in no less than a low security facility, and prevented him from residing in a Residential Re-entry Center.

However, the Petitioner's allegations regarding his Public Safety Factor are now moot, because he was released from BOP custody on October 30, 2018. Furthermore, the issue of the ICE detainer is likewise moot.

### VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice** with respect to the Petitioner's claims regarding his sentence and be **DENIED and DISMISSED as MOOT** with respect to his claims regarding the ICE detainer and his Public Safety Factor.

The Petitioner shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  April 25, 2019

*/s, James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE