IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THUAN MINH PHAM,

    Petitioner,

v.                                       Civil Action No. 5:18CV33
                                                         (STAMP)

WARDEN ENTZEL,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] petitioner, Thuan Minh Pham, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at USP Hazelton in Bruceton Mills, West Virginia. ECF No. 1. In his petition, petitioner challenges the validity of his sentence imposed by the United States District Court for the Northern District of Texas. ECF No. 1. Specifically, petitioner alleges that his three convictions for aggravated robbery in the State of Texas should not have been counted as separate offenses because there was no intervening arrest and asserts that he is entitled to be resentenced without the career offender enhancement. ECF No 1-1 at 7. Petitioner further alleges that he currently has an United States Immigration and Customs Enforcement ("ICE")

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

detainer and is under the Public Safety Factor as a deportable alien. ECF No. 1-1 at 4. The petitioner states that he has been detained by the United States Department of Homeland Security since December 15, 2016, based on probable cause that he is a removable alien pursuant to a final order of removal against him and requests that this court order the Department of Homeland Security to remove the detainer and order the Federal Bureau of Prisons ("BOP") to remove it from his custody classification. ECF No. 1-1 at 4.

This civil action was referred to United States Magistrate Judge James E. Seibert under Local Rule of Prisoner Litigation Procedure 2, and then reassigned to United States Magistrate Judge James P. Mazzone. Magistrate Judge Mazzone issued a report and recommendation (ECF No. 19) recommending that the petitioner's petition (ECF No. 1) be denied and dismissed without prejudice. The petitioner did not file objections to the report and recommendation. For the following reasons, this Court affirms and adopts the report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner did not

2

file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. Discussion

In his report and recommendation, the magistrate judge correctly noted that in the instant case, petitioner's claim appears to allege that his sentence was improperly enhanced by the sentencing court, and does not relate to the execution of his sentence or calculation of his sentence by the BOP. ECF No. 19 at 7. The magistrate judge properly determined that because petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler[2] test for this Court to have jurisdiction to hear his challenge on the merits. Id. at 8. The magistrate judge determined that "[p]etitioner cannot meet the second element of the test because he cites no case in support of his allegation regarding his three underlying convictions which has been deemed to apply retroactively to cases on collateral review." Id. Upon review, the magistrate judge concluded that petitioner's claim regarding his sentence may not be considered under § 2241 and that this Court is without jurisdiction to consider that portion of the petition. Id. at 9. Further, after review, the magistrate judge determined that the petitioner's allegations regarding his

---

[2]United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).

Public Safety Factor are now moot, because he was released from BOP custody on October 30, 2018. Id. at 10. Furthermore, the magistrate judge concluded that the issue of the ICE detainer is likewise moot. Id. Accordingly, the magistrate judge recommended that the petitioner's petition (ECF No. 1) be denied and dismissed without prejudice with respect to the petitioner's claims regarding his sentence and be denied and dismissed as moot with respect to his claims regarding the ICE detainer and his Public Safety Factor. Id. at 10.

Upon review, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation.

IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 19) is AFFIRMED and ADOPTED in its entirety. Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITHOUT PREJUDICE with respect to the petitioner's claims regarding his sentence and DENIED AND DISMISSED AS MOOT with respect to his claims regarding the United States Immigration and Customs Enforcement detainer and his Public Safety Factor.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of

4

appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 13, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE